May it please the Court, I'm Matthew Miller from Cuneo, Gilbert & LaDuca in Washington, D.C. and we represent the plaintiff appellant in this proceeding. As the Court is aware, this is a shareholder derivative action brought by a shareholder of Bank of America Corporation on behalf of Bank of America. You're not contesting the conclusion that it was premature. That's correct, Your Honor. We're not appealing the Although you were allowed to amend the complaint to add allegations about the current circumstances and the continuing in the fact that they had not in fact 10 months later to tie anything, you declined to do that. That's correct, Your Honor. What we are appealing is the decision by the District Court not to afford us leave to amend to assert a specific theory of wrongful refusal of plaintiff's litigation demand. And what we sought to plead was that Bank of America constructively excuse me, the Board of Directors constructively refused her litigation demand at least at such time at which the Board of Directors caused the Corporation to move to dismiss her complaint pursuant to Rule 12b-6 and not only pursuant to Rule 23.1. Well, I guess, I mean it does appear that you opted to appeal rather than to amend and so why wasn't the District Court's dismissal with prejudice sufficiently limited to the failure to adequately plead wrongful refusal under Rule 23.1 as to permit filing a new lawsuit if and when the Board completes its investigation or fails to act on your demands? What authority requires a more specific, a more explicit order? Your Honor, I think you're touching on two separate points. And one point is what is the effect of the dismissal, which is the second assignment of errors. Well, whether it's issue, issue preclusion or claim preclusion, right? Because, you know, the Court basically said after this is all done you can file something, right? You just can't file your wrongful refusal again. That's my understanding. I think what the Court said was the case is dismissed with prejudice. And while it is entirely possible the Court meant something other than what those words usually mean, we believe that the legal effect of that dismissal is to preclude these claims from being asserted by any person. Are you aware that there's – you're probably not. There was a case on December 2nd called Simmons v. Credit Suisse, which is a Ninth Circuit case. And this is on the with prejudice, without prejudice question. I know you want to get to the other one. But on that question, the with prejudice, without prejudice question, this case seems to specifically sanction the – in what seems to me to be similar circumstances. In fact, they changed a without prejudice determination to a with prejudice determination, where there was a complaint dismissed for failure to satisfy the demand requirement. I don't fully understand it, but there seems to be a fair amount of precedent to do that, both here, which would be binding on us, and elsewhere as well. Well, ordinarily when a case is dismissed for failure to satisfy the demand requirement, that dismissal will be with prejudice as to that plaintiff's – any further efforts by that plaintiff to attempt to satisfy the demand requirement. But it is typically not. Why should that be? Because I know we're deflecting a little bit from the argument, but this is of particular interest to me anyway. In prison reform litigation act cases, for example, and in habeas cases, when somebody fails to exhaust or to properly allege exhaustion, the dismissal is without prejudice. You can now try to exhaust. And I would assume that that would be true here, too. You can – aside from your problem, you think that you should have been able to amend to say that there was a – essentially a wrongful refusal now. But the question on the with prejudice, without prejudice is, well, leaving that aside, if you wait another year and they still don't do anything, can you refile? Even the same plaintiff. Isn't that your problem? Yes. And that is why we believe the district court's order should be at a minimum modified to provide that it is without prejudice.  to provide that it is without prejudice.  to provide that it is without prejudice. Because it could be construed by another court in another jurisdiction, perhaps, as precluding any assertion of these claims. We doubt that was the court's intention. You want to go back to your other issue? Yes, Your Honor. In a shareholder derivative action, the plaintiff can satisfy the requirements of Federal Rule 23.1 and state law, which has incorporated the state substantive standards, by either showing that it would be futile to make demand on the Board of Directors or that the plaintiff has made demand on the Board of Directors and that demand was wrongfully refused. In this case, the plaintiff has done the latter. The plaintiff made a demand on the Board of Directors. The purpose of a litigation demand in shareholder derivative litigation is to give the derivative corporation its own opportunity to take over the suit. My understanding, I'm trying to, you don't have that much time, and I'm trying to get to the core here. My understanding of the response to your arguments are, number one, dismissing something for failure to allege a cause of action is not the same as saying there isn't a cause of action. It's saying you didn't allege it properly. And so it isn't inconsistent. It isn't consistent with fairly considering whether there is a cause of action. And secondly, that it's an alternative argument, so you don't even get to it unless there is an adequate 23.1 demonstration. And therefore, they have to be able to make the alternative argument, but it doesn't demonstrate any commitment to that view on behalf of the Board of Directors looked at ab initio as a litigation position, essentially. That's my understanding of the district court's response. What's wrong with those responses? Let me address both of those. The first one, which I'm not sure was necessarily made by the district court, but certainly been advanced by the appellees, is that moving to dismiss under Rule 12b-6 is not a statement as to the merits of the claims. That's not entirely correct. A dismissal under Rule 12b-6, unlike most dismissals under Rule 23.1, does operate as a judgment on the merits. It's an adjudication on the merits. That's forever binding on the parties to the action. If you could restate the claim, it's perfectly possible that you will be given the opportunity to amend and allowed to restate the claim better. I mean, for example, if you don't state it in enough detail, if you don't meet the ICBAL standards, if you in some other way just simply don't allege the elements, that doesn't mean that they don't exist. Correct in a technical sense, and that is correct. Typically when a plaintiff initially does not satisfy those standards, they're typically given an opportunity to amend. But ultimately, the test is going to be whether there is factual content that is plausibly suggestive of a claim. The question isn't whether the plaintiff has done it properly, has artfully catered a complaint in the first shot. The question is whether there is enough factual content out there. We weren't up to ultimately here, because this was all a backup argument to the claim that you, in fact, didn't have any place, business being there at all, because you hadn't made an adequate demand. So no one was up to ultimately. In fact, nobody ever reached that question. Just because the Court never reached it doesn't change the fact that the Board of Directors made as clear a statement as it could possibly make that it was not interested in pursuing the claims that were the subject of the plaintiff's demand letter. It couldn't be any more clear if they had put up a billboard or hired a plane to put a message in the sky. They said that they had initiated an investigation after she filed that, but they just weren't done with it. Well, what happened was they hadn't started it, and they concluded it before it began. This case, the plaintiff sent her demand letter in May of 2008. The case was filed 110 days later in September of 2008. On December 1, 2008, we received a letter from Bank of America indicating that there was an investigation underway. Just a few days later, we received word from counsel for Bank of America and the individual defendants that they wanted to move to dismiss on the merits. In other words, this investigation was over before it began. It began with a conclusion, and whatever happened thereafter was utterly irrelevant. It was just a mere exercise in formalities to reach the conclusion that had already been reached. You're out of time. Why don't you – if you want to reserve some time, I'll give you a minute when we're back for our panel. Thank you, Your Honor. Good morning, Your Honor. Charles Duggan Davis Bolton Woodwell on behalf of the defendants' appellants. Also present today is counsel for the nominal defendants. He defended that by Lee, Bank of America. Your Honor, plaintiff's estoppel argument is not only novel and entirely unsupported. It actually is contrary to basic principles of well-established Delaware law governing shareholder demands. Delaware courts have made it repeatedly clear that a shareholder cannot avoid the demand requirement simply because the proposed claims are against the directors themselves. The notion that directors will not approve a demand to sue themselves is not a basis for avoiding demand. This could not be clearer. The Delaware Supreme Court so held in Aronson v. Lewis in 1984. The incantation of demands – I don't understand that to be the argument here. Sorry, Your Honor? I do not understand that to be the argument here. Your Honor, I understand the plaintiff to be arguing that, in effect, the board has prejudged the demand by – by the directors themselves, but because they have taken a specific position in this lawsuit that this is an invalid lawsuit. Well, Your Honor, the one fact – And my understanding is that they're not so much saying as a result of that, that they – so they're saying, therefore, they ought not to have to continue on with determining whether or not they – defendants are going to bring a lawsuit against themselves because they've already said that any lawsuit would be invalid. Okay. Well, this goes to your point earlier, Judge Burson, that they have not said that any lawsuit would be invalid. They have said that the complaint, as stated against them, does not state the elements of a claim. But I think the critical point there is that that is an argument for the alternative. Right? The principle defense by the defendants in this case was that the lawsuit was premature. But it doesn't seem – I mean, they've still signed their name, as has the Bank of America, to a piece – maybe more importantly, to a piece of paper that says to some degree there is no valid lawsuit here. So why continue on with the – to determine whether they're going to determine that there was a possibly valid lawsuit? They've already said in their court pleading that to some degree that there isn't one. So does it require really piercing, comparing the complaint with the demand letter to see whether there's anything that falls between the cracks that they could still be thinking about? Well, Your Honor, first of all, there are clearly things that can fall in between the cracks. Right? Specifically what? Well, the demand letter asks the Board to pursue claims against anyone responsible for an array of activities over a number of years. Right? The directors in moving to dismiss have only sought to dismiss the claims against themselves. There's no prejudgment entailed in that as to whether or not there may be claims against other parties. Well, wouldn't that lead to the conclusion that they do have to continue to wait on the 23.1 for the other claims but not for this one? I mean, that doesn't – can't you split that off? Well, Your Honor, this takes me back to where I started with the basic premise that a shareholder cannot somehow get around the demand by suing the directors. Well, okay. The shareholder did make a demand.  Correct. And what was the status of that when this was dismissed? The status of the demand when the case was dismissed, the shareholder had yet to receive a final response to the demand when the suit was dismissed. Okay. So apparently the Board did not communicate to Lucas initially that it had considered her demand letter at the June Board meeting, right, and initiated an investigation? Initially, the plaintiff received – They didn't tell her until November 26? That is correct. That is correct. By that time, of course – Approximately five months after the meeting and two months after she filed her lawsuit, right? That's right. And three months after she had been told that it would be taken up by the Board. And the plaintiff made her demand, and within three months of being told the Board will consider your demand, came to court. Right. At that point, she made it quite clear she was not waiting for the results of the Board investigation. She was taking the position that, in fact, there was no valid investigation ongoing, that it had been constructively denied. Has the Board completed its investigation now? Yes. The Board has. And the Board has communicated to plaintiffs that the Board has decided against taking actions on the demand. I'm sorry? Decided against taking action. All right. That's obviously not part of the record. To get to the other issue, your position, your substantive position seems to be that they could file a lawsuit now, based on that. That plaintiff could file a lawsuit now? Based on that. Plaintiff could attempt to challenge the process by which the Board arrived. Right. But it wouldn't be precluded by the dismissal in this case. No, Your Honor. No, Your Honor. But why, then, is a dismissal with prejudice? Doesn't that seem or at least why – I mean, I understand that since you both agree to that in this case, I mean, we could assure that there's no problem in the future just by saying in a published or a non-published disposition that you both agree to it. But why, as a technical matter, shouldn't these be dismissals without prejudice? Well, Your Honor, they are with prejudice with respect to the arguments that have been presented to this point in time. Right. For purposes of demand excusal. So there is issue preclusion on – There is a preclusive effect to this judgment. For example – But Rule 41 seems to say that you need to say that specifically or else it goes to the merits if it's not jurisdictional. Do you think that these kind of dismissals are jurisdictional or tantamount to jurisdictional? With respect to the demand issue, Your Honor, the Court has said that the threshold question of whether or not a demand has been properly made, the Rule 23.1 hurdle that a shareholder must satisfy, the Court has held that that is in the nature of a jurisdictional determination that must be made at the outset of the case. What must be made at the outset is that Rule 41 says unless a dismissal order states otherwise, a dismissal under 41b and any dismissal not under this rule except one for lack of jurisdiction, improper venue or failure to join a party under Rule 19 operates as an adjudication on the merits. What's usually in res judicata terms means claim proclamation. Well, Your Honor, here I would say it is an adjudication on the merits of the preliminary issue of whether or not the plaintiff can properly assert a claim on behalf of the corporation. And the order here that's being appealed from, in fact, was clear on its face that the only issue that had been decided was the issue under Rule 23.1. But usually this is the problem. Usually res judicata operates on the claim, anything that could have been litigated. And you don't let people do it over again. And as I said before, the practice in what I think are the closest parallels, that is, the PRLA prison cases and the habeas cases, is that non-exhaustion is dismissed without prejudice, which is supposed to signal, you know, go exhaust and you can come back. Well, yes. I think, Your Honor, that the distinction here may be explained by the fact that at the 23.1 stage, the shareholder doesn't yet have the right to assert the claim on behalf of the company. The shareholder is attempting to satisfy the court that it actually can assert a claim. How is that different from a habeas person who hasn't exhausted and therefore doesn't have the right to assert the claim? Well, because it's their own claim, Your Honor. It's their own claim, but they can't assert it. Well, it's – there's the exhaustion issue that they need to address, but the underlying claim that the lawsuit seeks to vindicate in that instance is the claim of the habeas petitioner. Here, the underlying claim that the shareholder is seeking to advance is not a claim on behalf of the shareholder. It is a claim on behalf of the corporation. And the Rule 23.1 determination in the first instance is made as to whether or not the plaintiff is, in fact, a proper person to advance the corporation's claim. Can we go back to the other issue for a minute? I don't know why conceptually and under some circumstances they couldn't do that about the 12b-6. I don't know that they're right here, but let's suppose they were given every opportunity to amend. They amended to say whatever they thought could possibly be said on behalf of the claims they were asserting. And the defendant – the director of defendants and the company nominal defendant insisted that there was still no cause of action. Why isn't – I don't understand why they're not bound – why that isn't a determination that there is no cause of action. So, therefore, the purpose of the demand letter has been satisfied. Well, Your Honor, it's not a determination by the court after its own investigation that there is no claim. It is a litigation positioned by the defendants in the case who are being sued civilly for damages that the complaint doesn't actually state a cause of action. So they're bound by Rule 11. They have to be taken to some position that they actually believe that this is not a cause of action. It's not just a – Your Honor, certainly, in this case, for example, the defendants believe that the complaint as pled did not state a claim against any of them. Okay. And I understand that there are stages in pleading. And I looked – I've looked over the motion, and it does say the facts haven't been alleged and so on. So you can say that this is sort of preliminary in the sense that they still would have the opportunity to plead more. But let's say we've exhausted that. They're – you know, they've been given the possibility to amend whatever they wanted to amend, and you're still taking the position that there is no cause of action. I mean, why isn't it true at some point that the defendant's position that there's no cause of action is a position that there's no cause of action, and therefore – unless you're saying that we could, in response to the demand letter, decide to bring a case even though there isn't a cause of action. Your Honor, I think the key to this is that the demand issue is a binary one and is determined first. The plaintiff here is saying that she has filed a complaint that states a claim against the defendants. The defendant's response is, wait, you haven't made a proper demand letter. That's one response. And the other is that you don't have a valid cause of action. Yes. Why isn't that inconsistent with continuing to determine with regard to the demand letter that you do have a cause of action? Why isn't that just a determination on the issue that's on the demand letter, which is, are you going to proceed to say there's a cause of action? Well, how can you proceed to say – to bring a cause of action when you've already told the court there is no cause of action? Your Honor, a board that has been presented with a demand, right, engage in an investigation of the claims, which could have pointed in any number of different directions. Okay. And it's even possible that a corporation that is pursuing an investigation could determine that it needs to appoint a special committee to actually oversee the investigation because the directors themselves are not proper individuals to judge the merits of the claim. Okay. That investigation, so long as it is ongoing, is unresolved. Here, the plaintiff has said that it doesn't matter that the investigation is ongoing. I want to litigate these claims right now. Now, yes, the defendants have taken the position that there have not been claims pled against them. And this is, in fact, what brings me back to where I had begun today, that for this reason, the Delaware law courts are quite clear that you can't simply avoid the demand requirement by suing the directors. If you have a claim against the directors, if you have a valid claim against them, you have the facts that are necessary to state a claim, there is no need to make a demand at all. You can sue directly, and demand will be excused if you can meet the particularized requirements for certain claims directly against the board. Right? The plaintiff had that option open to her. She did not avail herself of it. Instead, she elected to make a demand. The converse aspect of making a demand is that it is a concession that the board can validly evaluate the claims. In effect, that the board is not so conflicted by its own interest, its own exposure to liability. Your argument, I'm still having a problem with your argument. I understand it's a concession that it can, but at some point, when they say we have to the court, there is no cause of action here, I don't know why at that point there isn't a determination that not so much that they did it fairly or unfairly, but that they have decided that there is no cause of action against them. They've decided that. Now, it's not that she'd have to prove wrongfulness, I suppose, but they've decided it. Well, they certainly have decided there's no cause of action on the complaint as alleged. That, however, is not a ---- That has to be your argument, that it's because the complaint as alleged is not necessarily the universe of what could be alleged. And I was trying to pierce that to find out whether at some point in the litigation process, if there was leave to amend and the plaintiff finally said, well, this is everything I can allege, and you continue to say that there's no cause of action, that wouldn't be tantamount to determining that there's no cause of action. It would get to that point. It wouldn't satisfy her 23.1 standards entirely because she'd still have to be able to allege that that was a wrongful determination, I gather, but it would at least eliminate the need to sit around and wait for you to decide in this, you know, with the left hand whether to respond to her demand letter. Your Honor, again, I come back to you, and maybe I'm not understanding the question, but I come back to the point that the plaintiff has said, I have the goods already. I don't need to wait for the investigation to determine that. I understand. Okay. Thank you very much. We are somewhat passing in the night. Yes, sir. I'll give you one minute. Thank you. Thank you, Your Honor. Let me address the notion that it's acceptable to move in the alternative under Rules 23.1 and 12b-6. That is essentially what the district court held in rejecting this proposed amendment, and we have no quarrel with that point. In fact, there's no argument that one can move to dismiss at the same time under both grounds. Let me ask you a question. For your position to be correct, you would have to be able to allege it. This theory would get you to the point of saying, well, they've now rejected my request, but it wouldn't you have to prove wrongfulness, and it wouldn't prove that. In and of itself, no, but perhaps the totality of the circumstances would be sufficient. But you'd have to allege something which you haven't purported to allege. We believe we have alleged facts sufficient for a court to find a wrongful refusal in this instance. Specifically, the fact that the Board of Directors had prejudged an investigation and went through the charade of conducting a subsequent investigation when it had already made an determination. None of that's in the complaint. I mean, you haven't, you haven't, when you said to the district court that you wanted to amend the complaint to allege the completion, essentially, as I understand it, the completion of the investigation because, as evidenced by the position they're taking in the court, you didn't say, and I'm going to also allege that they, or tell them what facts you're going to allege to prove that this was wrongful, did you? We did proffer certain of those facts. I wouldn't necessarily say we proffered every single fact that we could muster in such a complaint. But we certainly did proffer the general outlines of that argument. It was presented at oral argument at the court. It was presented in our opposition papers. It was presented in two post-judgment motions. And we spelled it out fairly clearly how we would plead with the requisite particularity that the demand was not only refused, but wrongfully refused. Okay. Thank you very much. Thank both of you. Thank you all. Useful argument, interesting case. Lucas v. Kenneth is submitted. The next case, Edwards v. Symbolic International, has been submitted under briefs and we will take a short break. Thank you. All right.
judges: Noonan, Berzon, Callahan